L. Thomas **BOLLINGER**; et al., Plaintiffs–Appellants,

v.

**UNITED STATES of America**, Defendant–Appellee.

No. 06–36098.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 24, 2008.

Mark S. Northcraft, Esq., Northcraft & Woods, P.C., Aaron D. Bigby, Northcraft & Bigby, Jeffrey C. Jones, Esq., Thomas W. Bingham, Esq., Krutch Lindell, Seattle, WA, for Plaintiffs–Appellants.

Barbara B. O'Malley, Attorney, Barry F. Benson, Attorney, Kathryn L. Smith, Esq., United States Department of Justice Torts Branch, Civil Division, Washington, DC, for Defendant–Appellee.

Before: REINHARDT, TASHIMA, and McKEOWN, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided

Plaintiffs L. Thomas, Clare, and Jeffrey Bollinger appeal the dismissal of their Federal Tort Claims Act ("FTCA") action against the government for actions of the Federal Aviation Administration ("FAA") for lack of subject matter jurisdiction under the discretionary function exception to the FTCA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Although the FTCA creates a general waiver of sovereign immunity for the negligent torts of government employees acting within the scope of their employment, see 28 U.S.C. § 1346(b)(1), it excepts from that waiver the performance of a discretionary function or duty by an employee. See 28 U.S.C. § 2680(a). In this case, the government proved both that the conduct was not specifically prescribed by a federal statute, regulation, or policy, and that its conduct involved the permissible exercise of policy judgment. Berkovitz v. United States, 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988).

Order 8130.2D mandated only a general airworthiness inspection of the Bollingers' aircraft, which the Bollingers do not deny took place. Beyond the baseline requirement of completing the inspection, the scope and conduct of the inspection involved discretionary judgment by the inspector. See Alfrey v. United States, 276 F.3d 557, 565 (9th Cir.2002) (stating that the exception "protects agency decisions concerning the scope and manner in which it conducts an investigation so long as the agency does not violate a mandatory directive") (quoting Vickers v. United States, 228 F.3d 944, 951 (9th Cir.2000)) (emphasis omitted).[1] Further, the decision to issue the airworthiness certificate was grounded in the ultimate consideration of safety, implicated a fundamental regulatory and policy function of the FAA, and was therefore policy-related for purposes of the discretionary function exception. See GATX/Airlog Co. v. United States, 286 F.3d 1168, 1177 (9th Cir.2002). The district court thus correctly dismissed the action for lack of subject matter jurisdiction.

**AFFIRMED.**

REINHARDT, Circuit Judge, dissenting.

The Bollingers do not assert that the FAA inspector failed to perform the inspection required by Order 8130.2D. Nor do they assert that his inspection omitted parts of the aircraft critical to safe operation. In short, the Bollingers do not challenge any of the decisions made by the inspector that were susceptible to the exercise of discretion and policy analysis. Rather, they allege that "[t]he purge valve was inspected by the FAA inspector during the inspection, but the inspector failed to detect that the stop screw was not lock wired." The care with which the inspector examined the valve is not susceptible to any exercise of policy judgment. See Bear Medicine v. U.S. ex rel. Sec'y of Dept. of Interior, 241 F.3d 1208, 1215 (9th Cir. 2001); Ariz. Maint. Co. v. United States, 864 F.2d 1497, 1503–05 (9th Cir.1989); Huber v. United States, 838 F.2d 398, 400–01 (9th Cir.1988). For this reason I would conclude that the government may be held liable for the allegedly negligent inspection.

---

by 9th Cir. R. 36–3.

1. Thus, while the dissent is correct that the FAA inspector looked at the engine, during the course of which he visually viewed the purge valve, the fact that he did not inspect it closely enough "to detect that the stop screw was not lock wired," does not detract from the applicability of the discretionary function exception.